IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

RICHARD VILLANUEVA,

          Plaintiff,

v.                             CIVIL ACTION NO.  5:13-cv-29391

WARDEN ZIEGLER, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Complaint* (Document 1) and addendum thereto (Document 17), wherein the Plaintiff claims an entitlement to relief pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395-97 (1971), the *Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment* (Document 13), attached exhibits, and the *Defendants' Memorandum of Law in Support* thereof (Document 14) and the Plaintiff's *Opposition to Defendants' Motion to Dismiss or for Summary Judgment* (Document 15). By *Standing Order* (Document 2) entered on November 19, 2013, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.

On June 17, 2014, the Magistrate Judge submitted his Proposed Findings and Recommendation (PF&R) (Document 19), wherein he recommended that the Court grant the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, dismiss the

Plaintiff's complaint, and remove this matter from the Court's docket. On July 1, 2014, the Plaintiff timely filed his *Objections to the Magistrate Judge's Proposed Findings and Recommendation* (Document 20). After thorough review and consideration, the Court finds, for the reasons stated herein, that Plaintiff's objections should be overruled and the Magistrate Judge's PF&R should be adopted.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Magistrate Judge set forth the factual allegations and procedural history of this matter in detail. The Court now incorporates by reference those facts and procedural history. However, to provide context for the ruling herein, the Court provides the following summary.

Mr. Villanueva is an inmate at FCI-Beckley. He named as Defendants Warden Ziegler, Ms. B. Bowman, Supervisor of Education, and Ms. H. Lacy James, Teacher. (Compl. at 1.) He alleges that he has obtained a high school diploma and provided documentation of that achievement to the Educational Department. (*Id.* at 4.) However, the institution refused to accept his diploma and enrolled him in G.E.D. classes, preventing him from advancing to college courses. (*Id.* at 4–5.) He asserts that the Defendants were motivated by funding given to the institution for inmates who complete the G.E.D program successfully. (*Id.*) In his addendum to the complaint, he included a diploma certificate issued by Capitol High School on April 25, 2013, and a transcript.

Defendant James provided an affidavit, attached to the Defendants' motion to dismiss or for summary judgment, explaining that when Mr. Villanueva provided her with the diploma, she "noticed that the date on the diploma coincided with the time he was incarcerated with the BOP

[Bureau of Prisons]." (James Aff. At ¶ 11, att'd as Ex. 1 to Def.s' Mot.) She further states that she explained to the Plaintiff that the BOP does not accept online diploma programs, and has attached guidance from the BOP on that issue to the motion to dismiss or for summary judgment. (*Id.*) The Plaintiff does not dispute that his diploma was earned via an online or correspondence program.

## II. STANDARD OF REVIEW

This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiffs are acting *pro se*, and their pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

## III. DISCUSSION

The Defendants moved to dismiss against Warden Ziegler and Supervisor of Education Bowman on the grounds that the Plaintiff alleged no direct involvement on their part, and supervisory liability is unavailable in a *Bivens* action. They further moved to dismiss or for

3

summary judgment on qualified immunity grounds, asserting that the Plaintiff's complaint and evidence fails to satisfy the threshold standard of showing a violation of a constitutional right. The Defendant responded that Warden Ziegler and Ms. Bowman should be held responsible based on their supervisory roles. He further argued that the denial of the ability to further his education "is identical to denying a person his right to freedom of religion" and that he has been harmed by the Defendants' refusal to recognize his high school diploma. (Pl.'s Resp. at 4–5.)

The Magistrate Judge found that Defendants Ziegler and Bowman should be dismissed because the claims against them improperly relied on the doctrine of *respondeat superior*. (PF&R at 7.) He also found that no relief could be granted because there was no constitutional violation. Citing several cases involving the BOP's educational programs, he found that the BOP did not infringe upon any protected right by requiring Mr. Villanueva to complete its literacy program rather than recognizing his diploma from an online program. Mr. Villanueva's objections briefly state that he was harmed by the Defendants, but focus on his allegations against Defendants Ziegler and Bowman. Specifically, he argues that Defendants Ziegler and Bowman were directly responsible for the review and denial of his administrative complaints, in addition to their supervisory roles.

Because the finding that Mr. Villanueva suffered no constitutional deprivation is dispositive of the case, the Court will focus on that issue. Mr. Villanueva's cursory objections to that portion of the PF&R merely reiterate that he was harmed. The Fourth Circuit has explained that "when the defendant is lawfully convicted and confined to prison, he loses a significant interest in his liberty for the period of his sentence." *Gaston v. Taylor*, 946 F.2d 340, 343 (4th Cir. 1991). In particular, "prisoners' location, variations of daily routine, changes in conditions of

confinement (including administrative segregation), and the denial of privileges…are necessarily functions of prison management that must be left to the broad discretion of prison administrators to enable them to manage the prisons safely and efficiently." *Id.* As the Magistrate Judge pointed out, the BOP is required to conduct adult literacy programs. 18 U.S.C. § 3624(f). Other educational programs are also offered. Determining which inmates should participate in which programs is a discretionary function of the BOP. Additionally, the interest alleged and relief sought would be unavailing even outside the prison context. Colleges and universities are free to set certain prerequisites to entry into programs and could choose not to recognize an online high school diploma.

Even if Defendants Ziegler and Bowman played an active role in the refusal to recognize Mr. Villanueva's diploma (which the Court does not now find), the claims against them as well as those against Ms. James must be dismissed. Mr. Villanueva failed to demonstrate that the Defendants violated his constitutional rights. There is no constitutional right to official recognition of a high school diploma earned through an online or correspondence program, nor is there a constitutional right to participate in preferred educational programs while in BOP custody. Thus, the Defendants are entitled to summary judgment on the substance of the claims and are entitled to qualified immunity, as well.

### IV. CONCLUSION

For the reasons stated herein, following thorough review and careful consideration, the Court hereby **ORDERS** that the Magistrate Judge's Proposed Findings and Recommendation (Document 19) be **ADOPTED** and that the Plaintiff's Objections (Document 20) be

**OVERRULED**. The Court further **ORDERS** that the Plaintiff's Complaint (Document 1) be **DISMISSED WITH PREJUDICE** and that this matter be removed from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge VanDervort, to counsel of record and to any unrepresented party.

ENTER: August 18, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA